Michael Collins, Esq.
**LAW OFFICES OF
GIL NEGRETE, P.C.**
Arizona State Bar No.: 033705
1001 North Central Avenue, Suite 660
Phoenix, Arizona 85004
E-mail: michael@negretelawfirm.com
Phone: (602) 495-1005
Fax: (602) 253-4709

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MATHEW RUIZ, Individually,<br><br>    Plaintiff,<br>v.<br><br>UNTIED STATES OF AMERICA;<br>JEREMY KISER, Officer of the Department of Homeland Security/Immigration and Customs Enforcement,<br><br>    Defendants. | NO:<br><br>COMPLAINT |

For his claim against Defendants, Plaintiff Mathew Ruiz alleges as follows:

**JURISDICTION AND VENUE**

1.   This action is brought pursuant to Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.

2.   On September 1, 2016, Plaintiff submitted an Administrative Claim for the claim set forth below to the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE").

3.   On July 11, 2017, DHS/ICE accepted the claim and tendered an offer for settlement. Plaintiff does not accept the offer presented and is properly filing this suit for recovery of damages in accordance with the FTCA.

1

4. All conditions precedent and requirements under the FTCA have been met.

5. Plaintiff is a resident of Maricopa County, Arizona.

6. Defendant Jeremy Kiser is an Officer with the United States Department of Homeland Security/Immigration and Customs Enforcement.

7. The United States of America and its Department of Homeland Security/Immigration and Customs Enforcement are appropriate Defendants under the FTCA.

8. The location of the incident and all relevant events, actions, and conduct complained of herein occurred in Phoenix, Arizona in the County of Maricopa.

9. This Court has jurisdiction over this matter and venue is proper under 28 U.S.C. § 1346(b) and 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Arizona.

## GENERAL ALLEGATIONS

10. On April 7, 2016, at or about 1:15 p.m., Plaintiff was traveling northbound in his vehicle on 83rd Avenue, approaching Monte Vista Road in Phoenix, Arizona.

11. At the same time and place, Defendant Officer Jeremy Kiser ("Kiser") was traveling westbound in his unmarked vehicle on Monte Vista Road, approaching 83rd Avenue.

12. As Plaintiff continued northbound on 83rd Avenue, suddenly and without warning, Defendant Kiser hurriedly attempted to make a left-hand turn onto southbound 83rd Avenue in front of Plaintiff's vehicle. Consequently, Plaintiff's vehicle struck the front driver's side of Defendant Kiser's vehicle with great force, causing a violent collision.

13. Plaintiff sustained injuries as a result of the collision, some which are permanent in nature.

14. Pursuant to the Federal Tort Claims Act, on September 1, 2016, Plaintiff submitted a claim for damages to the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). On July 11, 2017, DHS/ICE responded to Plaintiff's claim with an offer of settlement. Plaintiff, respectfully, rejected the offer. On October 31, 2017, DHS/ICE denied Plaintiff's claim.

## CAUSE OF ACTION

### COUNT ONE:  NEGLIGENCE

15. Defendant Kiser negligently operated his vehicle when he failed to yield the right-of-way to oncoming traffic and made a left-hand turn in front of Plaintiff's vehicle, causing a violent collision.

16. Defendant Kiser's negligence is the proximate cause of Plaintiff's injuries and damages alleged herein.

17. As a further direct and proximate cause of Defendant Kiser's negligence, and each other Defendant named herein, Plaintiff sustained multiple severe physical and emotional injuries which caused pain, suffering, distress, mental and emotional anguish and anxiety, and a general impairment of the quality of life, some which may be permanent, all in an amount to be proven at trial.

### COUNT TWO:  NEGLIGENCE PER SE

19. A.R.S. § 28-771 (A) is a statute enacted for the safety of motorists on the roadway in Arizona.

20. Defendant Kiser violated A.R.S. § 28-771 (A) by failing to yield the right-of-way when he made a left-hand turn in front of Plaintiff and is negligent per se.

### COUNT THREE:  VICARIOUS LIABILITY

21. At the time of the negligent act/conduct that injured Plaintiff, Defendant Kiser was acting within the course and scope of his employment with DHS/ICE and the United States of America.  As such, Defendant Kiser's actions and conduct was imputable to DHS/ICE and, in turn, the United States of America under the doctrine of respondeat superior. Therefore, the United States of America is vicariously liable for Plaintiff's injuries.

As a proximate result of the negligence/acts and/or omissions of Defendant Jeremy Kiser, and each other Defendant named herein, as stated in counts one, two, and three above, Plaintiff sustained the following damages and injuries to be established by proof at trial:

3

a. Severe bodily and other personal injuries which caused and will continue to cause pain, suffering, distress, mental and emotional anguish and anxiety, and a general loss in the enjoyment of life;

b. Expenses for medical care, past and future;

c. For interest accruing on all damages until paid.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, for the following:

(a) For Plaintiff's general and special damages;

(b) For Plaintiff's expenses incurred for past medical care and treatment of Plaintiff's injuries and for future medical treatment and expenses;

(c) For Plaintiff Mathew Ruiz;

(d) For Plaintiff's costs incurred herein; together with interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

(e) For such other and further relief as the Court deems just and proper.

Dated this ____ day of January, 2018.

**LAW OFFICES OF**
**GIL NEGRETE, P.C.**


By:_____
        Michael Collins, Esq.
        Attorneys for Plaintiff